ROGERS (STIMPSON v.). See Case No. 13,-457.

ROGERS (UNITED STATES v.). See Cases Nos. 16,187–16,189.

---

## Case No. 12,022.
### ROGERS v. WELLER.
[5 Biss. 166.] [1]

Circuit Court, N. D. Illinois. July, 1870.

DESCENT — ILLINOIS STATUTE — ILLEGITIMATE CHILDREN — NEXT OF KIN.

1. The term "children," as used in the Illinois statute of wills, concerning illegitimates, is used in the sense of offspring of the mother, and is not confined to children born in lawful wedlock.

2. In case of the death of one of two illegitimate children, unmarried and without issue, the mother being also dead, his property descends to the brother. He takes one-half of the estate as brother of the deceased; the other half as heir-at-law of the mother.

3. "Next of kin to the mother," in this statute, includes illegitimate, as well as legitimate, children.

[Cited in Re Wardell's Estate, 57 Cal. 492.]

Action of ejectment [by George W. Rogers against Lafayette M. Weller] submitted to the court for trial upon the following facts as agreed upon by the parties. Theodore Rogers died intestate and without issue seized of the premises in question. He was the illegitimate son of Maria Purcell, who had also another illegitimate son, the plaintiff in this case. Maria Purcell died about 1840. Theodore Rogers died in 1869, unmarried and without issue. The plaintiff, George W. Rogers, the brother of Theodore, deceased, brings this suit to recover the property in question as heir-at-law of Theodore, his illegitimate brother.

H. S. Monroe, for plaintiff.
H. B. Hurd, for defendant.

BLODGETT, District Judge. The whole question turns upon the construction to be given to the statute of this state governing the descent of the property of illegitimates.

By the statute of 1853, which is incorporated in Gross' St. (volume 1, p. 807), as the 66th section of the statute of wills, it is provided: "That the rule of descent of all property, of whatsoever kind or nature, real or personal, of any bastard or illegitimate person dying intestate in this state, or leaving property and effects therein, shall be as follows, to wit: On the death of any such person intestate, his or her property, estate and effects shall descend to and vest in the widow, or surviving husband and children, as the property and effects of other persons in like

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

cases. In case of the death of any such illegitimate person, leaving no children or descendant of a child or children, then the whole property and estate, rights, credits and effects shall descend to and vest in the widow or surviving husband. In case of the death of any such illegitimate person, leaving no widow, surviving husband or descendants, then the property and estate of such person shall descend to and vest in the mother and her children and their descendants, to the mother one-half, and the other half to be equally divided between her children and their descendants, the descendants of a child taking the share of their deceased parent or ancestor. In case of the death of any such illegitimate person, leaving no heirs as above provided, then the property and effects, of whatsoever kind or nature, shall pass to and vest in the next of kin to the mother of such illegitimate person, in the same manner as the estate of a legitimate person would, by the laws now in force, pass to the next of kin." Act approved Feb. 12, 1853.

As Theodore Rogers was unmarried and had no issue, the case is not provided for in either the first or second contingency mentioned in the statute; that is to say, there is no widow or children of the deceased to take his property.

The plaintiff in this case, George W. Rogers, is a child of Maria Purcell, mother of the deceased Theodore Rogers, and the question is, does he come within the description of persons named in the third clause of the statute as being entitled to receive one-half of the estate, the other half going to the mother?

The law uses the term "children" or "child," and it is contended on the part of the defendant, that the term is here used in its strict legal significance, that it means children born in wedlock, or legitimate children of the mother; that the term does not mean "offspring." But I am inclined to the opinion, and for the purposes of this case shall hold, that the term is there used in its proper signification, and means the offspring of the mother; that whether legitimate or illegitimate, as the case may be, in case of an illegitimate son dying intestate and without issue, or persons authorized to inherit, as set out in either of the two clauses first under consideration, the mother takes one-half of the property and her children or offspring, whether legitimate or illegitimate, take the other half. This, then, would make George W. the heir of one-half of this property, while his mother took the other half by descent.

The mother, it will be remembered, died thirty years ago, and the question is, what is the law of descent of the half which under the clause under consideration would go to the mother?

The last clause of the section is this: "In case of the death of any such illegitimate person, leaving no heirs as above provided, then the property and effects, of whatsoever kind or nature, shall pass to and vest in the next of kin to the mother of such illegitimate person, in the same manner as the estate of a legitimate person would by the laws now in force pass to the next of kin." And this raises the question, Who are the next of kin to this mother who bore these two illegitimate sons? Does the plaintiff in this suit, George W. Rogers, her living illegitimate son, come within the denomination as next of kin under this statute?

The term is one which has been borrowed from the civil law and incorporated into the statutes of this state, as I think, rather than from the common law. Although it is a term used in the common law, yet I think that the legislators of this state in using the term "next of kin" have used it in such connection as to rather sustain the idea that they intended to use it in the signification of the civil law, which meant, of course, all persons, legitimate or otherwise, of the same blood. But the question receives much light, in my estimation, from the statutes in this state, which have been in force for many years prior to the enactment of the section which has been under consideration. By the 53rd section of the statute of wills of the Revised Statutes of 1845, it is provided: "If any single or unmarried woman, having estate, either real or personal, in her own right, shall hereafter die, leaving one or more children, deemed in law illegitimate, such child or children shall not, on that account be disinherited; but they and each of them, and their descendants, shall be deemed able and capable in law to take and inherit the estate of their deceased mother, in equal parts among them, to the exclusion of all other persons: provided, that if there shall be no such child or children, or their descendants, then, and in such case the estate of the intestate shall be governed by the rules of descent, as in other cases where illegitimates are excluded."

The effect of this statute is to give to the illegitimate children of the mother inheritable blood. So far as our state is concerned, they are vested by the operation of this statute with the qualities of inheritance; they can receive from the mother by descent and take real estate and other property to the same extent as legitimate children, and taken in connection with the subsequent statute of 1853, which has first been discussed, it seems to me that the better interpretation is that the term "next of kin," used in the last clause of the act of 1853, includes the illegitimate children, if such exist, of the mother, where the mother is heir.

It is true that the supreme court of the United States, in the case of McCool v. Smith, 1 Black [66 U. S.] 459, has held in a case going up from this state that in ascertaining who is the next of kin, under the statute of Illinois, the computation must be made according to the rules of the common law;

but in this case, that question was decided more upon the consideration of the question of whether the case came within the purview of the statute of 1845, than upon the application of the act of 1853 as the rule in that case. The case was really disposed of upon the consideration of the court that it was not covered by the act of 1845, but must be disposed of upon the rules of the common law prior to any legislation being had on the subject matter in this state.

In taking this view of the case, we do not intend by any means to deny the authority of the case in 1 Black [66 U. S.], or to decide contrary to it, but simply to say that this case coming clearly within the acts of 1845 and 1853, it seems clear that the term "children" used in the third clause of the act of 1853, means and includes the illegitimate children of the mother, and that the term "next of kin" used in the last clause, "next of kin of the mother," etc., includes her illegitimate as well as her legitimate children, if she have any; that, taken together, the acts of 1845 and 1853, when construed in the light of the cases which have been cited, and the known principles of interpretation of statutes, clearly give George W. Rogers the entire estate of the deceased illegitimate brother. The question is not without its difficulties, and we do not feel sure that our view of the question will be entirely affirmed by the supreme court of the United States, but at the same time it seems to us to be the better interpretation of what the legislature of this state had intended to do by the several acts under consideration. I shall therefore find for the plaintiff to the extent of the entire estate, holding that he is the owner in fee of the entire property.

NOTE. The defendant having taken a new trial under the statute, the case was again tried before Mr. Justice Davis, with the same result. The records having been destroyed by the Chicago fire of October 8 and 9, 1871, a trial was again had before Judge Drummond, who also found for the plaintiff. This case is now pending in the supreme court of the United States, on writ of error. Pending this litigation, a suit was brought against Weller in the circuit court of Cook county by Eliza Smellgon and Anna Williams, collateral relatives of Maria Purcell, and the decision of the supreme court, on appeal, recognizes the same rule as that above laid down by Judge Blodgett.